**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brett A. MERRIMAN, Defendant–**
**Appellant.**

**No. 11–1274.**

United States Court of Appeals,
Seventh Circuit.

Aug. 17, 2012.

Linda L. Mullen, Office of the United States Attorney, Rock Island, IL, for Plaintif–Appellee.

Daniel T. Hansmeier, Office of the Federal Public Defender, Springfield, IL, for Defendant–Appellant.

Before ILANA DIAMOND ROVNER, Circuit Judge, DIANE P. WOOD, Circuit Judge, TERENCE T. EVANS, Circuit Judge.[*]

### ORDER

Brett A. Merriman pleaded guilty to possessing with the intent to distribute 50 grams or more of crack cocaine, *see* 21 U.S.C. § 841(a)(1), and possessing a firearm during a drug trafficking offense, *see*

---

[*] Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of this case on remand from the Supreme Court. The case is now being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

18 U.S.C. § 924(c). He was ordered to serve a prison term of 120 months on the drug charge, which was the statutory minimum term required at the time Griffin committed the offense, *see* § 841(b)(1)(A)(iii) (2009), and a consecutive term of 60 months on the firearm charge, which was also mandated by the statute, *see* § 924(c)(1)(A)(i), for a total of 180 months. The district court rejected Merriman's contention that his sentence on the narcotics charge should be calculated pursuant to the Fair Sentencing Act of 2010, 124 Stat. 2372 ("FSA"), which reduced the penalties for offenses involving crack cocaine and which took effect prior to his sentencing.

Merriman appealed his sentence, but in our order of July 7, 2011, we summarily affirmed the sentence in light of our decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir.2011), which held that the FSA applied only prospectively to conduct occurring after the statute's enactment.

In *Dorsey v. United States*, —— U.S. ——, ——, 132 S.Ct. 2321, 2335, 183 L.Ed.2d 250 (2012), the Supreme Court disagreed with our holding in *Fisher* and "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Subsequently, the Supreme Court granted Merriman's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for reconsideration in light of its decision in *Dorsey*. *Merriman v. United States*, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2012 WL 2470070 (2012).

The parties have filed a joint Circuit Rule 54 statement reflecting their agreement that, in view of *Dorsey*, the district court committed procedural error at Merriman's sentencing with respect his sentence on the drug charge and that the

error was not harmless. We agree, and we therefore **VACATE** Merriman's sentence and **REMAND** for resentencing.